UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 94-357-02-RE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| SHEILA ANNETTE ROBERTS, | |
| Defendant. | |

REDDEN, Judge:

On March 26, 2009, the court received a letter from Sheila Annette Roberts requesting expungement of her arrest record in the above-captioned case. The court construes the letter as a Motion to Expunge Criminal Record (doc. 49). For the reasons set forth below, the motion is DENIED for lack of jurisdiction.

In January 1994, the Portland Police Bureau ("PPB") initiated an investigation of Roberts

PAGE 1 - OPINION AND ORDER

and a co-defendant, Billy Ray Collins, for delivery of cocaine and related charges. On at least three occasions, PPB officers observed and recorded Roberts personally deliver cocaine. On October 26, 1994, a federal grand jury returned an multi-count Indictment charging Roberts and Collins with distribution and possession with intent to distribute cocaine.

Pursuant to a plea agreement, Collins pleaded guilty to the Indictment. On June 19, 1995, the court sentenced Collins to 51 months imprisonment and five years supervised release. Based on "Collins' willingness to accept responsibility for having involved Ms. Roberts collaterally in his drug trafficking scheme," the government agreed to dismiss the charges against Roberts. On July 18, 1997, the court granted the government's motion to dismiss the Indictment as to Roberts *nunc pro tunc* June 19, 1995 (doc. 48).

By letter dated March 18, 2009, Roberts requests that this court expunge her arrest record. Roberts indicates that she moved to Georgia to care for her ailing father. From 2001 through 2008, she was employed as a corrections officer for the State of Georgia. She is now employed as a county corrections officer. Roberts states that she wants to leave corrections, and open an adult home care facility. In order to get a license to operate such a facility, however, she "cannot have this on [her] record."[1] Accordingly, she requests that this court order the expungement of her arrest record in this case. The government objects, and argues that the court lacks jurisdiction to grant Roberts' requested relief.

The district courts of the United States are courts of limited jurisdiction, and the party seeking relief bears the burden of establishing some statutory or constitutional basis for the

---

[1] It is not clear that Georgia law would, in fact, prohibit Roberts from owning or operating an adult home care facility due to her 1994 arrest.

PAGE 2 - OPINION AND ORDER

court's exercise of jurisdiction. Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 377 (1994). The Ninth Circuit has recognized a number of specific statutory mechanisms that authorize the district court to order expungement of a criminal record:

> A district court has the power to expunge a criminal record under the Civil Rights Act, the habeas corpus statutes, the statutory preservation under the All Writs Act of a district court's authority to issue a writ of error *coram nobis* to correct an unlawful conviction, or the Constitution itself. Congress has also enacted statutes that expressly authorize a district court to order expungement or to correct an inaccurate government record, and it has provided federal courts with limited jurisdiction to grant a new trial, to correct a sentence, or to reduce a sentence to reflect the assistance that a defendant has given the Government.

United States v. Sumner, 226 F.3d 1005, 1012 (9th Cir. 2000) (footnotes and accompanying citations omitted). Roberts does not seek expungement under any of these statutes, procedural rules, or the Constitution itself. In any event, it does not appear that any of these specific mechanisms would authorize this court to order expungement of her record under the present circumstances.[2] The issue, therefore, is whether this court has the inherent power (*i.e.*, ancillary jurisdiction) to expunge Roberts' arrest record in order to manage its proceedings, vindicate its authority, or effectuate its decrees. Sumner, 226 F.3d at 1014.

District courts possess ancillary jurisdiction to expunge criminal records only in "narrow" and "extreme circumstances." United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991). As the Ninth Circuit has recognized, an order requiring the U.S. Attorney's Office to expunge its own records would effectively nullify a properly enacted law, and prevent the Justice Department from fulfilling its Congressionally-mandated duty to "collect, classify, and preserve records of crimes and criminal identification." Sumner, 226 F.3d at 1015, n.13 (citing

---

[2]The court notes that Roberts may directly petition the U.S. Department of Justice to request expungement or amendment of her criminal record. See 5 U.S.C. 552a et seq.

PAGE 3 - OPINION AND ORDER

28 U.S.C. § 534). Accordingly, expungement of an arrest record is appropriate only "when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." United States v. Sweeney, 914 F.2d 1260, 1264 (9th Cir. 1990) (citing Doe v. Webster, 606 F.2d 1226, 1231 (D.C. Cir. 1979)). Absent extreme circumstances, "where the maintenance of such records would be fundamentally unfair, [or] where the arrest was illegal or the product of harassment," Sweeney, 914 F.2d at 1264, this court does not have jurisdiction to expunge a record of arrest or conviction based solely on equitable considerations, such as rehabilitation, commendable post-conviction conduct, or to enhance employment opportunities. Sumner, 226 F.3d at 1014-15.[3]

Although the court applauds Roberts' efforts to care for her father and establish a career, binding Ninth Circuit case law makes clear that this court lacks jurisdiction to expunge an arrest record based on these considerations alone. Sumner, 226 F.3d at 1014-15. Roberts does not suggest that her arrest was in any way unlawful or invalid, or that the government has engaged in any kind of misconduct. She does not allege that the records have been, or will be used improperly. Moreover, there is no indication that Roberts has suffered any unusual or substantial harm that would outweigh the government's strong interest in maintaining its criminal records. The fact that the government agreed to dismiss the charges against Roberts is not sufficient, by

---

[3] "Equitable considerations" are those which rely only on notions of fairness and are entirely divorced from legal considerations. United States v. Coloian, 480 F.3d 47, 51 n.6 (1st Cir. 2007); see also Sumner, 226 F.3d at 1014-15 (holding that expungement of a criminal record "solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct" did not serve the purpose of ancillary jurisdiction, which "is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error.").

PAGE 4 - OPINION AND ORDER

itself, to authorize this court to order the U.S. Attorney's Office to expunge her arrest record. Cf. United States v. Linn, 513 F.2d 925, 927-28 (10th Cir. 1975) (recognizing that an acquittal means only that the government did not prove the defendant's guilt beyond a reasonable doubt and holding that acquittal was not sufficient to require expungement); Allen v. Webster, 742 F.2d 153, 155 (4th Cir. 1984) (same); United States v. Schnitzer, 567 F.2d 536, 540 (2d Cir. 1977) (recognizing that the dismissal of an indictment means only that the prosecutor did not believe he could establish a defendant's guilt beyond a reasonable doubt and holding that the dismissal along with defendant's desired employment did not entitle him to expungement). Because Roberts' motion for expungement is premised solely on equitable considerations (*i.e.*, her desire to start a business), this court lacks jurisdiction to order the expungement of her arrest record. Accordingly, her motion to expunge criminal record (doc. 49) must be DENIED.

    IT IS SO ORDERED.

    DATED this  30th  day of April, 2009.

                                      /s/ James A. Redden
                                          James A. Redden
                                      United States District Judge